UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  MICHAEL VALONE and KRISTIE
VALONE

_____

MICHAEL   VALONE   and   KRISTIE
VALONE,

        Appellants,

v.                            Case No:  2:13-cv-171-FtM-38

JON WAAGE,

        Appellee.

_____/

**ORDER**[1]

This  matter  comes  before  the  Court  on  the  Appellants,  Michael  and  Kristie

Valone's Appeal of the Decision of the Bankruptcy Judge (Doc. #13) filed on September

12, 2013.  The Appellee, Jon Waage, in his capacity as Chapter 13 Trustee filed his

Answer Brief in support of the Bankruptcy Judge's decision (Doc. #16) on October 3,

2013.  The Appellants filed their Reply Brief (Doc. #18) on October 11, 2013.  The Appeal

of the Bankruptcy Judge's decision is now ripe for the Court's review.

_____

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

## BACKGROUND

This is an appeal of Bankruptcy Judge Caryl E. Delano's disallowance of the Appellants' claim of exemption pursuant to Fla. Stat. § 222.25(4).  On February 20, 2012, the Valones filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code.   In their bankruptcy schedules, the Valones listed their Florida residence (Residence) valued at $104,200.00 subject to a first mortgage in the amount of $149,577.00 and a second mortgage in the amount of $71,884.00.  The second mortgage was stripped off as an unsecured claim pursuant to 11 U.S.C. § 506(a).  The Valones did not claim the Residence as exempt on their Schedule C-property Claimed as Exempt, however, the Valones did claim exemptions under Fla. Stat. § 222.25(4) the Wildcard exemption.  The Wildcard exemption allows debtors who do not receive the benefit of Florida's Homestead Exemption under the Florida Constitution article X, section 4 to claim up to $4,000.00 in exemptions for personal property for each debtor.  In this case, the Valones claimed $8,000.00 in Wildcard exemptions under the statute.

The Trustee, Waage, objected to the Valones' Wildcard exemption arguing that it was not valid because the Valones were receiving the benefit of Florida's homestead exemption under article X, section 4 of the Florida Constitution.  Waage argued that since the Valones still owned and were still living in the Residence, they received the benefit of Florida's homestead exemption whether or not they formally filed for Florida's homestead exemption.

A hearing was held before the Bankruptcy Court on January 24, 2013.   On February 1, 2013, the Bankruptcy Court upheld Waage's objection to the Valones'

Chapter 13 plan and disallowed the Wildcard exemption.  The Valones timely appealed the Court's ruling sustaining Waage's objection with this Court on March 8, 2013.

On July 5, 2013, the Bankruptcy Court entered an order confirming the Plan without the Wildcard exemption, with a distribution to unsecured creditors of $11,585.00. Subsequently, on September 5, 2013, the Bankruptcy Court entered its Memorandum Opinion on the Order ("Memorandum Opinion"), and this Court granted Appellants' unopposed motion to supplement the record with same. (Doc. #11).  The Appellants now appeal the Bankruptcy Court's disallowance of the Wildcard exemption.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 158(a). The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Fish, 2013 WL 1104884, *2 (M.D. Fla. March 18, 2013) (citing In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir.1994)). This Court reviews de novo the legal conclusions of the bankruptcy court. In re Fish, 2013 WL 1104884 at *2 (citing In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir.1993)).

The standard of review employed by this Court in reviewing the bankruptcy court's findings of fact is the clearly erroneous standard of review described in Federal Rule of Bankruptcy Procedure 8013: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." In re Fish, 2013 WL 1104884 at *2 (citing In re Thomas, 883 F.2d 991, 994 (11th Cir.1989)). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a

mistake has been committed." Crawford v. W. Elec. Co., Inc., 745 F.2d 1373, 1378 (11th Cir.1984) (citing United States v. United States Gypsum Co., 333 U.S. 364, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).   The determination of whether a debtor has received the benefits of the homestead protection is a factual one to be made on a case-by-case basis. Dumoulin v Osborne, 55 So. 3d 577, 589 (Fla. 2011).

## DISCUSSION

The Valones presented two issues to the Court: one, whether a debtor receives the benefit of Florida's constitutional homestead exemption found in article X, section 4 of the Florida Constitution, by simply retaining and residing in the residence in a Chapter 13 bankruptcy case; and two, whether Waage met his burden of proof that the appellants are receiving the benefit.   Waage argues the Valones are getting the benefit of the homestead exemption because a Chapter 13 bankruptcy is forward looking and the Valones are able to maintain the Residence without fear of the Trustee or creditors liquidating the Residence to pay creditors.

(1) *Whether the Bankruptcy Court Erred in Disallowing the Wildcard Exemption*

The Valones argue that since they did not claim the homestead exemption found in article X, section 4 of Florida's Constitution that they are entitled to the $4,000.00 Wildcard exemption found in Fla. Stat. § 222.25(4).   Waage argues the Valones received the benefit of the homestead exemption even though they did not file for it and, therefore, the Valones are not eligible for the Wildcard exemption.   In this instance, the Bankruptcy Court found:

> A Chapter 13 case, by definition, involves a "future-looking process." A Chapter 13 debtor's residence is protected from forced sale by operation of the automatic stay throughout the duration of the case. Dumoulin requires a debtor who wishes to retain his residence and to claim the wild card

> exemption to "effectively surrender" the residence to the trustee for administration. But, unlike in a Chapter 7 case, a Chapter 13 trustee is not charged with the duty to administer property of the estate, and the debtor's residence never becomes subject to administration by the Chapter 13 trustee. Therefore, a Chapter 13 debtor who proposes to retain his residence during the term of his plan but who does not claim the residence as exempt still receives the homestead exemption's protections despite failing to assert the homestead exemption.
>
> The Debtors in this case chose to file a Chapter 13 case and to avail themselves of the opportunity to strip off the second mortgage from the Residence. The Debtors are receiving the protection of the homestead exemption, and therefore are not entitled to the wild card exemption of Fla. Stat. § 222.25(4).

(Doc. #12, p. 8).  Thus, the Bankruptcy Court found that the Appellants were not able to claim the Wildcard exemption because the stay issued during the pendency of the Chapter 13 bankruptcy would provide the Valones with the benefit of homestead protection even though they never filed for the protection.

The Florida Supreme Court addressed this issue in Osborne v. Dumoulin, in which it answered the following question:

> Whether for the purpose of the statutory personal property exemption in § 222.25(4), a debtor in bankruptcy receives the benefits of Florida's article X, section 4, constitutional homestead exemption where the debtor owns homestead property but does not claim the homestead exemption in bankruptcy and the Trustee's administration of the property is not otherwise impeded by the existence of the homestead exemption.

55 So.3d 577 (2011).  The Florida Supreme Court answered this question in the negative.

In re Iuliano, 2011 WL 1627172, *2 (M.D. Fla. April 29, 2011).  That is, a debtor who does not claim his homestead as exempt in his bankruptcy petition is not "receiving the benefit" of the homestead exemption. Id.  The debtor is therefore entitled to claim the $4,000 Wildcard personal property exemption unless some other facts come into play which otherwise provide the benefit of the exemption. Id.

The Valones rely on In re Iuliano, for the proposition that merely remaining in your home does not automatically mean you are receiving the benefits of Florida's homestead exemption.   However, In re Iuliano, was based upon Chapter 7 and not Chapter 13. Likewise, the Osborne decision was issued in a Chapter 7 bankruptcy case rather than a Chapter 13 case.  The instant case involves a Chapter 13 bankruptcy.

In the decision at issue here, Bankruptcy Judge Delano addressed the differences between Chapter 7 and Chapter 13 filings as they relate to the Osborne decision. Bankruptcy Judge Delano noted that "in a Chapter 7 case, all property belonging to the debtor as of the commencement of the case is property of the estate.  The debtor may exempt property from property of the estate pursuant to state or federal law.  The Chapter 7 trustee is charged with collecting and reducing to money the property of the estate, and to distribute property of the estate to claimants in their order of priority." (Doc. #12, p. 6).

Judge Delano continued:

> in contrast, Chapter 13 is available only to individuals with regular income and who owe less than specified amounts of secured and unsecured debts. The Chapter 13 trustee is charged with certain duties, but these duties do not include a duty to collect and reduce to money the property of the estate. Property of the estate includes the property specified in Section 541, as well as property that the debtor acquires after the commencement of the case and post-petition earnings.  Chapter 13 debtors propose a plan that may modify the rights of secured creditors.  They are required to make payments to the trustee in the amount proposed by the plan, and may be required to make those payments for periods of up to five years.  Chapter 13 debtors do not receive a discharge until the completion of all payments under the plan, unless the court grants the debtor a hardship discharge.

(Doc. #12, p. 7).

Following the holding from In re Azar, 8:11-bk-06973- KRM (Bankr. M.D. Fla. 2011), Waage argues that under Chapter 13, the Valones receive the benefit of the homestead exemption because Chapter 13 is forward looking.  In Azar, Bankruptcy Judge

K. Rodney May orally ruled that a Chapter 13 debtor who retains his Florida homestead continues to receive the benefit of the homestead exemption over the life of the case even if the debtor has not expressly claimed the property as exempt. (Doc. #12, p. 7)(citing In re Azar, 8:11-bk-06973-KRM).[2] The Azar Court found that because Chapter 13 is a "future-looking process" and because a debtor is protected by the automatic stay during the plan duration, the debtor receives the benefit of the homestead exemption during the life of his Chapter 13 plan. (Doc. #12, p.7-8)  Judge May determined that the very fact a debtor has filed a Chapter 13 case effectively impedes the trustee—unlike the trustee in a Chapter 7 case—from liquidating the estate. (Doc. #12, p. 8).

Judge Delano held that "the [Valones] in this case chose to file a Chapter 13 case and to avail themselves of the opportunity to strip off the second mortgage from the Residence." (Doc. #12, p. 8).  As a result, Judge Delano held that while the Chapter 13 bankruptcy plan is in place, the Valones' Residence is protected from creditors by the Chapter 13 stay until the conclusion of the Valones' Chapter 13 plan.  Thus, following the holding from Azar, Judge Delano held that the Valones were receiving the benefit of the homestead exemption under the Florida Constitution because the Residence is protected from liquidation by the trustee and/or creditors and disallowed the Wildcard exemption. (Doc. #12, p. 8)

The Florida Supreme Court held that the benefits of the homestead exemption protects a person's homestead against forced sale and levy. Osborne, 55 So.3d at 587. Thus, the protection of the homestead from creditors constitutes the only "benefits" of the

---

[2] The debtor in Azar filed an interlocutory appeal with the United States District Court In re Azar, 8:11-cv-2562-T-24.  The District Court denied the Motion for Interlocutory Appeal appealing the Bankruptcy Court's decision to disallow the Wildcard exemption.  As such, the Bankruptcy Court's decision to disallow the Wildcard exemption remained in effect.

article X homestead exemption. Id. (citing In re Abbott, 408 B.R. at 908 ("The benefits contemplated under the statute are those derived from the constitutional homestead exemption, i.e., protecting the home from forced sale by creditors."). The Florida Supreme Court continued that the express limitation of "benefits" to this constitutional provision necessarily excludes other constitutional or statutory tax exemptions related to one's homestead, *see* art. VII, § 6, Fla. Const., and any other advantages of owning or occupying a home. Osborne, 55 So.3d at 587 (citing Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996) (stating statutory construction principle of "expressio unius est exclusio alterius," i.e., "the mention of one thing implies the exclusion of another")). As such, Judge Delano disallowed the Wildcard exemption because she found the Valones were receiving the benefit of Florida's homestead exemption since the Residence was protected from forced sale and levy during the duration of the Valones' Chapter 13 plan.

Based upon the Florida Supreme Court's definition of the benefits derived from the homestead exemption, the Valones received the benefit because the Residence is protected from levy by Waage or any of the Valones' unsecured creditors by the Chapter 13 bankruptcy and will be as long as the Chapter 13 plan is in place. The Valones are protected by the bankruptcy automatic stay and continue to receive the benefit of the homestead exemption during the life of the Chapter 13 case. Thus, the Court affirms Judge Delano's decision to disallow the Wildcard exemption.

(2) *Whether the Trustee (Waage) Met His Burden of Proof*

The Valones argue Waage failed to prove his burden under Fed. R. Bankr. 4003(c). Pursuant to Rule 4003(c), a party objecting to a debtor's claim of exemptions

has the burden of proving the exemption is not properly claimed.  The Valones claim Waage did not provide the Bankruptcy Court with any evidence to support his position other than the fact that they filed a Chapter 13 case.  Waage states the evidence relied upon was the forty-six (46) page sworn voluntary petition presented by the Valones.  The Valones' Petition contains documentary evidence and detailed factual material submitted under oath by the Valones themselves.  Additionally, the Valones presented the Court with their Chapter 13 plan.  Thus, the Court finds that Waage presented sufficient evidence to the Bankruptcy Court to prove the Trustee's position.

Accordingly, it is now

**ORDERED:**

The Decision of Bankruptcy Judge Caryl E. Delano to disallow the Wildcard exemption found in Fla. Stat. § 222.25(4) is **AFFIRMED.**  The Clerk of the Court is directed to terminate any pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of March, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record